## James J. McDonald *vs.* George W. Clark *et al.*

Argued by appellant, submitted on brief by respondent, May 2, 1893. Decided May. 9, 1893.

**Attached Real Estate—Release of.**

A motion, under Laws 1885, ch. 110, to vacate an attachment, cannot be made after final judgment has been entered in the action.

Appeal by Frank W. Clark, from an order of the District Court
of Aitkin County, *G. W. Holland*, J., made September 2, 1892,
refusing to release certain real estate from attachment.

On December 24, 1888, the plaintiff, James J. McDonald, com-
menced an action upon contract in the District Court of Aitkin
County, against George W. Clark and C. C. Sutton, defendants,
and obtained a writ of attachment, which was on the same day
levied by the sheriff upon lots one (1) and two (2) in block twelve
(12) in the Village of Aitkin, then owned by the defendant George
W. Clark. On the same day, but after the levy, George W. Clark
conveyed the property to his brother Frank W. Clark. The sum-
mons was personally served, and the defendants appeared by attor-
ney, and from time to time obtained stipulations extending the
time to answer until September 1, 1889, when their attorney in-

formed the plaintiff's attorney that defendants had abandoned all intention of making any defense to the action.

On January 18, 1889, the defendant George W. Clark was adjudged insolvent, and a receiver of his property was appointed under Laws 1881, ch. 148. The receiver commenced an action against Frank W. Clark to set aside the deed to him, and that action was determined April 12, 1892, adversely to the receiver. The plaintiff McDonald then on May 2, 1892, entered up judgment in this action against George W. Clark and C. C. Sutton, and caused a writ of execution to be issued and was about to sell the attached property when Frank W. 'Clark, the grantee, made this motion June 15, 1892, under 1878 G. S. ch. 66, §160, as amended by Laws 1885, ch. 110, to vacate the attachment as dormant. His motion was denied September 2, 1892, and he appeals.

*Everett Hammons,* for appellant.

*A. Y. Merrill,* for respondent.

MITCHELL, J. Laws 1885, ch. 110, provides that "whenever any attachment has been or shall be levied, and more than three years have or shall have elapsed without judgment being entered in the action, any person having any interest in the attached property, although not a party to the original action, may move for the release of any such property from the lien of such attachment; and if it shall appear, to the satisfaction of the court, that no proceedings have been had in said action for a period of three years, or, from other evidence, that said action has been abandoned, said attachment shall be vacated, and the lien thereof released."

We think it very clear that a motion under this statute cannot be made after the entry of judgment.

All its provisions evidently presuppose that the action has not been prosecuted to final judgment. It is not to be presumed that the legislature contemplated the vacation of the attachment after its lien had become merged in that of the judgment. The whole statute was aimed at cases where the action has been actually abandoned, or where the plaintiff has unreasonably delayed in prosecuting it to final judgment, leaving the attachment an apparent, or a mere provisional or inchoate, lien on the property. In this case final judgment had been entered before appellant made

his motion to vacate, and consequently the motion was properly denied, notwithstanding more than three years had elapsed between the levy of the attachment and the entry of the judgment.

Order affirmed.

VANDERBURGH, J., absent.

(Opinion published 54 N. W. Rep. 1118.)